IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Martha Sue Gray,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        Civil Action No. 0:16-3099-BHH
                                    )
Nancy A. Berryhill, Acting          )
Commissioner of Social Security     )        **ORDER**
Administration,                     )
                                    )
            Defendant.              )
_____ )

     This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of

the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied

Plaintiff Martha Sue Gray's ("Plaintiff") claim for disability insurance benefits ("DIB") and

supplemental security income ("SSI"). The record includes the report and recommendation

("Report") of the United States Magistrate Judge Paige J. Gossett, which was made in

accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

     In her Report, the Magistrate Judge recommends that the Court affirm the

Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and

the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1)

(providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days

after being served a copy). For the reasons stated below, the Court adopts the Magistrate

Judge's Report and affirms the Commissioner's final decision denying benefits.

## BACKGROUND

     Plaintiff applied for DIB and SSI in April of 2012, alleging disability beginning on

June 1, 2009. Her applications were denied initially and upon reconsideration, and she

requested a hearing before an administrative law judge ("ALJ"). A video hearing was held on December 2, 2014, at which Plaintiff, who was represented by counsel, appeared and testified. At the hearing, Plaintiff amended her alleged onset date to October 31, 2011. After considering the testimony of a vocational expert ("VE"), the ALJ issued a decision on February 13, 2015, concluding that Plaintiff was not disabled from October 31, 2011, through the date of the decision.

Plaintiff was born in 1974 and was 37 years old at the time of her amended alleged onset date. She has a high school education and past relevant work experience as a cashier, a furniture inspector, an automotive machine operator, a production associate, and a retail stock associate. Plaintiff alleged disabilities due to migraines, degenerative disc disease, depression, and obsessive-compulsive disorder.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall

be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.2d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to

determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since October 31, 2011, her amended alleged onset date. Next, the ALJ determined that Plaintiff's obesity, degenerative disc disease of the cervical spine, migraine headaches, osteoarthritis of the knees, essential tremor, tobacco abuse, mood disorder, depression, anxiety, and status-post a left sacroiliac joint arthrodesis in December of 2013 were severe impairments. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could:

perform up to and including the light exertional level work, as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can only occasionally climb ramps and stairs; she can never climb ropes, ladders or scaffolds; she can only occasionally balance, crawl, stoop, kneel, and crouch; she is limited to routine tasks with no detailed instructions; she can only engage in occasional decision-making; she can tolerate no more than occasional workplace changes; she cannot tolerate more than superficial interaction with the public, supervisors or co-workers, meaning that successful performance of her job duties involves working primarily with things and not people, although she can tolerate incidental interaction or proximity with them.

(Tr. 16.)  The ALJ found that Plaintiff was unable to perform her past relevant work but that, considering her age, education, work experience, and RFC, there were jobs that exist in significant numbers that Plaintiff could perform.  Accordingly, the ALJ found that Plaintiff was not disabled from October 31, 2011, through the date of the decision.

The Appeals Council denied Plaintiff's request for review on July 14, 2016, making the decision of the ALJ the final decision of the Commissioner.  Plaintiff filed this action on September 13, 2016, seeking judicial review.

## II.    The Court's Review

In this action, Plaintiff asserts that the ALJ's RFC finding was reached through application of an incorrect legal standard and was unsupported by substantial evidence. (ECF No. 17 at 11.)  Specifically, Plaintiff contends that the ALJ failed to reconcile the RFC finding with a medical opinion that included limitations in bilateral overhead reaching.  (*Id.*) In addition, Plaintiff asserts that the ALJ failed to weigh the opinion evidence in accordance with the regulations, or, alternatively, that the ALJ failed to request the opinion of a treating source or send Plaintiff for a consultative examination.  (*Id.* at 15.)

In response, the Commissioner asserts that the ALJ's RFC finding was based on an appropriate evaluation of the medical evidence and was supported by substantial

evidence with no need for further development of the record.

In her Report, the Magistrate Judge considered the issues raised by Plaintiff and rejected her arguments, first finding that even if the ALJ failed to reconcile his RFC finding with opinion evidence that the ALJ credited from Dr. Robert Gardner, the state agency medical consultant who limited Plaintiff's bilateral overhead reaching, such an error was harmless. As the Magistrate Judge noted, Dr. Gardner opined that Plaintiff was limited to medium work with two limitations including a restriction to frequent, but not constant, reaching overhead to the left and right. (Tr. 131-33.) The ALJ indicated that he afforded Dr. Gardner's opinion great weight "to the extent that [he] assessed that [Plaintiff's] back disorder does not preclude her ability to work." (Tr. 38-39.) Importantly, however, the ALJ did not limit Plaintiff to medium work as Dr. Gardner opined; instead, the ALJ limited her to light work with seven additional restrictions. Ultimately, the Magistrate Judge determined that even if the ALJ should have adopted Dr. Gardner's limitation to frequent, but not constant, overhead reaching, the ALJ still would have reached the same disability determination because the three occupations identified by the VE all include a limitation to frequent overhead reaching. Because the occupations identified by the VE do not conflict with the additional limitation Plaintiff argues the ALJ should have included, the Magistrate Judge determined that any error was harmless and remand is not warranted.

Next, the Magistrate Judge considered Plaintiff's argument that the ALJ failed to weigh the medical opinion evidence in accordance with the regulations. The Magistrate Judge noted that the ALJ used a "somewhat unusual term of phrase" when he indicated he was giving "some and controlling weight" to the opinions of Gray's two treating physicians. However, the Magistrate Judge determined after a review of the ALJ's

6

thorough opinion that it appeared the ALJ had given "some" weight to portions of the opinions and "controlling" weight to others. (ECF No. 24 at 9 (citing Tr. at 39).) Because a review of the ALJ's decision clearly indicated the weight given to the opinions of Plaintiff's treating physicians, the Magistrate Judge found no error.

In her objections to the Report, Plaintiff does not specifically dispute the Magistrate Judge's findings outlined above. Instead, Plaintiff contends that the Magistrate Judge failed to address one of her arguments, namely, her argument that "the ALJ erred by creating a residual functional capacity ("RFC") that was not supported by the opinion evidence." (ECF No. 25 at 1-2 (citing ECF No. 17 at 15-16).) Specifically, Plaintiff contends that there is no medical opinion evidence in the record to support the ALJ's RFC finding as to the additional limitations imposed on Plaintiff, i.e., the ALJ's limitations to Plaintiff's ability to climb ramps, stairs, ladders, ropes, and scaffolds, and to make postural movements. Plaintiff contends that "the ALJ relied on his own lay opinion of the functional limitations caused by Plaintiff's impairments based on the raw medical data, as the only opinion evidence credited in this case is far less limiting tha[n] the ALJ's actual RFC determination." (ECF No. 25 at 3.) According to Plaintiff, therefore, the RFC is based only upon raw medical data with no supporting medical opinions, which requires remand.

Here, after review, the Court finds Plaintiff's objections without merit. As the Commissioner points out in her response to Plaintiff's objections, the Magistrate Judge properly recognized that Plaintiff's issues on appeal centered on the ALJ's RFC finding. The Magistrate Judge remarked that "[t]he ALJ exhaustively reviewed the medical evidence and his RFC analysis comprises approximately twenty-five single-space[d] pages of description and analysis specific to [Plaintiff]." (ECF No. 24 at 6.) Moreover, with respect

7

to Plaintiff's argument that the ALJ needed to request an opinion from a treating source or send Plaintiff for a consultative examination, the Magistrate Judge specifically rejected this argument, noting that: "The Court finds no merit in this contention, as the ALJ need only develop the record in certain situations; where, as here, he did not give controlling weight to all aspects of the treating physicians' opinions, he was under no obligation to seek favorable, additional evidence for the claimant." (ECF No. 24 at 7, n.5 (citations omitted).)

Likewise, the Court finds no merit to Plaintiff's argument that remand is required because the ALJ's RFC is not supported by medical opinions. First, as mentioned above, it is clear from a review of the ALJ's decision that he exhaustively considered the evidence in determining Plaintiff's RFC, as his decision includes approximately 25 pages of singled-spaced analysis. In addition, as the Commissioner points out, the Fourth Circuit has remarked that an ALJ "need not parrot a single medical opinion, or assign 'great weight' to any opinions, in determining RFC." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011). Rather, it is the ALJ's responsibility to assess a claimant's RFC, and it is "an administrative assessment made by the Commissioner based on all the relevant evidence of record." *Id.* at 230-31; *Colvard v. Chater*, 59 F.3d 165, *2 (4th Cir. 1995) ("The determination of a claimant's residual functioning capacity lies with the ALJ, not a physician, and is based upon all relevant evidence.") (citing 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946). Here, contrary to Plaintiff's argument, the Court finds no legal error in the ALJ's RFC assessment.

## CONCLUSION

The Court has no difficulty in determining that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that

Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 24) is adopted and incorporated herein; Plaintiff's objections (ECF No. 25) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

February 28, 2018
Charleston, South Carolina